

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2005

# USA v. Tecat

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1957

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Tecat" (2005). *2005 Decisions.* Paper 76.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/76

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-1957

_____

UNITED STATES OF AMERICA

v.

OMAR ANTONIO TECAT
a/k/a
OMAR TECAT
a/k/a
NESTOR ORTEGA

Omar Antonio Tecat,
                    Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 02-cr-00575-1
District Judge: The Honorable John C. Lifland

_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2005

_____

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and POLLAK,[*] <u>District Judge</u>

(Opinion Filed: December 20, 2005 )

_____

[*]The Honorable Louis H. Pollak, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

---

OPINION

---

BARRY, <u>Circuit Judge</u>

Appellant Omar Tecat appeals his conviction for illegal reentry into the United

States.  For the reasons stated below, we will affirm the judgments of conviction and

sentence.

**I.**

On February 29, 1996, a jury convicted Tecat of possession of heroin with intent to

distribute within one thousand feet of a school.  He was sentenced in April of that year to

five-years in prison.  The conviction rendered Tecat eligible for deportation, and the

Immigration and Naturalization Service ("INS") initiated proceedings against him in the

spring of 1999.  A deportation hearing was held on April 23, 1999 before an immigration

judge ("IJ").

At the hearing, the IJ received from the government "Forms I-618, the legal aid

sheet, the Notice to Appear," along with copies of appellant's criminal conviction records

which the IJ determined were properly certified.  After Tecat was sworn and without

objection from counsel, the IJ put three questions to him:

Q.  . . . .  Sir, do you admit that you're not a citizen or national of the United
States, but that you're a native and citizen of the Dominican Republic?
A.  Yes, Your Honor.
Q.  Sir, do you admit that you were admitted to the United States at New

York, New York, on or about July 29, 1991, as an immigrant with your
green card?
A. Yes, Your Honor.
Q. And, sir, do you admit that you were on February 29, 1996, convicted in
Passaic County, New Jersey for possession of heroin with intent to
distribute within 1,000 feet of a school?
A. Yes, Your Honor.

(Tr. at 11-12, App. 84-85.)

The IJ found Tecat removable and also found him ineligible for relief pursuant to §212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c), *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-597. Tecat appealed to the Board of Immigration Appeals ("BIA"). On October 21, 1999, the BIA denied his appeal, affirming the IJ's finding that he was removable.[1] He was deported on November 19, 1999.

Tecat returned. As a consequence, on July 25, 2002 he was indicted pursuant to 8 U.S.C. §§ 1326(a) and 1326(b)(2) for illegal reentry. He pled guilty on September 27, 2002.[2] On June 10, 2004, he moved to withdraw his guilty plea, suppress the order of deportation underlying the illegal reentry charge, and dismiss the indictment. The District

---

[1]The BIA also concluded he was statutorily ineligible for relief under § 212(c) of the INA, 8 U.S.C. § 1182(c) (1994).

[2]In its brief, the government contends that Tecat pled guilty on February 27, 2002, but provides a record citation indicating that the plea hearing occurred on September 27, 2002. (App. 109.) Appellant's brief provides both the February 27, 2002 and September 27, 2002 dates. (*Compare* Appellant's Br. at 7 *with id.* at 3.) Given the fact that the indictment was returned in July 2002, the plea could not have been in the preceding February.

Court denied the motion on February 23, 2005. Soon thereafter, Tecat was sentenced and judgment entered. This appeal followed.

## II.

Our jurisdiction arises under 28 U.S.C. § 1291. Although Tecat is appealing his conviction, his appeal turns on his argument that the underlying deportation hearing was "fundamentally unfair." We review that issue, the parties agree, *de novo*. *United States v. Torres*, 383 F.3d 92, 95 (3d Cir. 2004). To do so, we turn to the statute of conviction, which permits a collateral attack upon an underlying deportation order when

> the alien demonstrates that –
>> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review;
>> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). It is the third prerequisite that is at issue here.[3] In Tecat's estimation,

---

[3]The government also claims that appellant had the right to raise his due process claim in a § 2241 petition and, therefore, was not "improperly deprived of . . . the opportunity for judicial review." Tecat argued before the District Court that the law of the Fifth Circuit – the deportation hearing was held in Oakdale, Louisiana – was less than clear at the time of his deportation hearing about the availability of habeas review. He does not press this argument on appeal. In any event, as will be discussed, he falters at the third prerequisite of 8 U.S.C. § 1326(d). *Cf. United States v. Torres*, 383 F.3d 92, 102-03 (3d Cir. 2004) (assuming, without deciding, that appellant "was denied a meaningful opportunity for judicial review" where his "collateral challenge suffers from a more obvious defect – he cannot establish that his removal order was 'fundamentally unfair' as

the IJ improperly denied him a "fair opportunity to be heard" when he "stepped into the government's shoes by conducting the entire examination," thereby "effectively mak[ing] the government's case."[4]

The IJ's efforts to confirm the substance of the record, an endeavor in which Tecat voluntarily participated, does not constitute a denial of a fair opportunity to be heard. The IJ was free to inquire of Tecat. *See* 8 U.S.C. § 1229(b)(1) ("The immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses."). The questions asked were basic and relevant to the issue before the IJ, the answers elicited were otherwise in the record, and Tecat offers no countervailing evidence which he would have offered but was prevented from offering.

---

required by section 1326(d)(3).").

[4]Appellant also argued to the District Court that the BIA incorrectly concluded that he was statutorily ineligible for relief under § 212(c) of the INA, 8 U.S.C. § 1182(c), *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-597. While appellant's motion was pending before the District Court, however, we determined that "'fundamental fairness is a question of procedure.'" *Torres*, 383 F.3d at 103 (citation omitted). We made it clear that "[w]ithout more, an error of law will ordinarily not rise to the level of a due process violation." *Id.* at 104. We further found that an alien has no "due process liberty interest in being considered for 212(c) relief." *Id.* In sum,

> although the IJ erroneously concluded that Torres was ineligible to be considered for discretionary relief, the IJ did inform Torres of the reasons for the Government's charge that Torres was removable, did provide him an opportunity to present a defense, did secure the waiver of Torres's defense and appeal rights, and did grant Torres's request to be deported to his native country. The IJ's conduct in totality did not deny Torres due process.

*Id.* at 106. *Torres* forecloses any argument turning solely on the BIA's alleged legal error. Appellant has accordingly abandoned that argument on appeal.

Given the foregoing, Tecat has not made any showing of prejudice. Cf. Torres, 383 F.3d at 103 n.13 (noting, without deciding, that "*every* Circuit to have considered the requirements for a successful collateral challenge to a removal order has held that the alien must make some showing that prejudice has resulted – *i.e.*, whether the alien could realistically have expected that the Attorney General would exercise discretion to give the alien relief from removal") (emphasis in original). Tecat has abandoned on appeal any argument arising out of the denial of § 212(c) consideration and, in so doing, has abandoned any argument that he had a realistic expectation that the Attorney General would have exercised discretion on his behalf. Moreover, to this day he has not contested the facts underlying the IJ's decision.[5] There is, in short, no reason to believe that the underlying deportation hearing was unfair in any way, much less "fundamentally unfair."

## IV.

For the foregoing reasons, we will affirm the judgments of conviction and sentence.

---

[5]Tecat pled to the factual underpinnings of the illegal reentry charge and those facts were included in his pre-sentence report. Also, in addition to "the evidence in the form of [appellant's] own admissions [and] testimony," the IJ relied upon "documents submitted by the INS." (Oral Dec. of the IJ at 1, App. 87).